1

2

3

4

5          **UNITED STATES DISTRICT COURT**

6                   EASTERN DISTRICT OF CALIFORNIA

7

ANTONIO FAHIE,                          CASE NO. 1:09-cv-01024-LJO-DLB PC
8
                      Plaintiff,        FINDINGS AND RECOMMENDATIONS
9                                       RECOMMENDING DISMISSAL OF
        v.                              CERTAIN CLAIMS WITH PREJUDICE,
10                                      AND GRANTING PLAINTIFF LEAVE TO
MERCY HOSPITAL, et al.,                 AMEND AS TO CLAIMS AGAINST
11                                      DEFENDANT MERCY HOSPITAL
                      Defendants.
12                                      (Doc. 8)

13                                      OBJECTIONS DUE WITHIN THIRTY DAYS
                                     /
14

15                        **Findings And Recommendations**

16  **I.    Background**

17        **A.    Procedural History**

18        Plaintiff Antonio Fahie ("Plaintiff") is a prisoner in the custody of the California

19  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

20  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this

21  action by filing his complaint on June 11, 2009.  On July 7, 2009, Plaintiff filed a first amended

22  complaint.  On October 28, 2009, the Court screened Plaintiff's first amended complaint and

23  dismissed the complaint for failure to state any claims, with leave to file a second amended

24  complaint.  On November 13, 2009, Plaintiff filed his second amended complaint.

25        **B.    Screening Requirement**

26        The Court is required to screen complaints brought by prisoners seeking relief against a

27  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

                                        1

1  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

2  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

3  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

4  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

5  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

6  1915(e)(2)(B)(ii).

7          A complaint must contain "a short and plain statement of the claim showing that the

8  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

9  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

10 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

11 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

12 matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949

13 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal

14 conclusions are not.  *Id.* at 1949.

15 **II.    Summary of Second Amended Complaint**

16         Plaintiff is incarcerated at California Substance Abuse Treatment Facility ("SATF") in

17 Corcoran, California.  Plaintiff names as Defendants: Shyi-Tang Shiue, doctor at Mercy Hospital;

18 Mamoud Rashidi, doctor at Mercy Hospital; Chief Medical Officer Enenmoh at SATF; physician

19 assistants Peters and Jean Pierre at SATF; Mercy Hospital; and SATF.

20         Plaintiff alleges violations of the Eighth Amendment for medical treatment rising to the

21 level of cruel and unusual punishment.  Plaintiff seeks monetary damages.

22     **A.    Claims Against Defendants Shiue and Rashidi**

23         Plaintiff alleges that on or about July 31, 2008, Plaintiff was escorted to Mercy Hospital

24 for surgery.  (Doc. 8, Second Am. Compl.(SAC) p. 3.)[1]  Defendant Shiue performed the surgery,

25 whcih resulted in Plaintiff being paralyzed from the waist down.  (*Id.*)  On August 15, 2008,

26 Plaintiff was taken to surgery again.  (*Id.*)  Surgery was performed by Defendant Rashidi.  (*Id.*)

27

28
_____

[1]  All page number references refer to the court docket's numbering.

2

1   Plaintiff suffered "dropped foot." (*Id.*)  Plaintiff has been left in severe pain, is mobility

2   impaired, and unable to function in daily life. (*Id.*)  Plaintiff suffers deprivation of sleep, and

3   needs the assistance of a walker to walk. (*Id.*)

4          The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

5   not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

6   citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an

7   Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

8   civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

9   indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

10  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

11  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

12  must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

13  *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

14  an excessive risk to inmate health or safety . . . ." *Id.* at 837.

15         "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under

16  this standard, the prison official must not only 'be aware of the facts from which the inference

17  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

18  inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

19  been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

20  matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

21  1188 (9th Cir. 2002)).

22         There are no allegations that support a claim that defendants "[knew] of and disregard[ed]

23  an excessive risk to [plaintiff's] health or safety." *Farmer*, 511 U.S. at 837.  At most, Plaintiff

24  has alleged claims of malpractice.  "Medical malpractice does not become a constitutional

25  violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1977);

26  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX*

27  *Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Plaintiff's allegations

28  provide no basis upon which to impose liability for violation of the Eighth Amendment.

1  Plaintiff fails to state a cognizable Eighth Amendment claim against Defendants Shiue and
2  Rashidi.

3  **B.   Claims Against Defendant Enenmoh, Peters, and Jean Pierre**

4          Plaintiff alleges that Defendant Rashidi ordered Plaintiff to receive medical care
5  consisting of physical therapy.  (SAC 3-4.)  Plaintiff contends that he grieved the lack of physical
6  therapy to Defendant Enenmoh, but did not receive a response.  (SAC 4.)  Plaintiff contends that
7  he went to the doctor's line to ask Defendants Peters and Jean Pierre for prescribed physical
8  therapy, but was deprived of that therapy.  (SAC 4.)

9          Plaintiff's allegations are insufficient to give rise to a cognizable Eighth Amendment
10  claim against Defendants Enenmoh, Peters, and Jean Pierre.  Defendant Enenmoh's actions in
11  reviewing grievances creates no substantive rights, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th
12  Cir. 2003), and does not sufficiently demonstrate that Defendant Enenmoh knew of and
13  disregarded an excessive risk to Plaintiff's health or safety, *Farmer*, 511 U.S. at 837.  Similarly,
14  Plaintiff's allegations that Defendants Peters and Jean Pierre did not provide Plaintiff with
15  physical therapy does not demonstrate that they knew of and disregarded an excessive risk to
16  Plaintiff's health or safety.  *Id.*

17  **C.   Claims Against Defendant Mercy Hospital**

18          Plaintiff contends that Defendant Mercy Hospital violated his Eighth Amendment rights
19  by allowing Defendant Shiue to perform surgery on him, even thought it should have known that
20  Defendant Shiue was facing thirteen complaints of medical negligence.  (SAC 5.)  Plaintiff's
21  claims against Defendant Mercy Hospital are insufficient to state a claim under § 1983.  Under §
22  1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2)
23  each defendant deprived him of rights secured by the Constitution or federal law.  *Long v.*
24  *County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  There is no § 1983 liability if there
25  is no actor operating under the color of state law.  Plaintiff's second amended complaint makes
26  no allegations that demonstrate Defendant Mercy Hospital is acting under color of state law.
27  Accordingly, Plaintiff fails to state a claim against Defendant Mercy Hospital.  The Court will
28  recommend Plaintiff be granted leave to amend as to this claim.

4

1       **D.      Claims Against SATF**

2       Plaintiff also alleges that SATF is responsible, like Defendant Mercy Hospital.  (SAC 5.)

3  Plaintiff may not bring suit against SATF in federal court because it is a part of a state agency,

4  CDCR, and is entitled to Eleventh Amendment immunity.  *Aholelei v. Dept. of Public Safety*,

5  488 F.3d 1144, 1147 (9th Cir. 2007).  Plaintiff's claim against Defendant California Substance

6  Abuse Treatment Facility fails as a matter of law.

7  **III.    Conclusion and Recommendation**

8       Plaintiff's Second Amended Complaint fails to state a claim for relief for violation of the

9  Eighth Amendment, or any other federal claims.  Plaintiff was previously given the opportunity

10 to cure the deficiencies in his claims against Defendants SATF, Enenmoh, Peters, Jean Pierre,

11 Shiue and Rashidi, but has not done so. The Court recommends dismissal of those claims with

12 prejudice. The Court will provide Plaintiff with leave to amend as to Plaintiff's claim against

13 Defendant Mercy Hospital only.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

14 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

15 complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

16      Plaintiff's Third Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state

17 what each named defendant did that led to the deprivation of Plaintiff's constitutional or other

18 federal rights.  *Iqbal*, 129 S. Ct. at 1948-49; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

19  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

20 above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

21      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

22 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

23 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

24 pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

25 complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567

26 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

27 114 F.3d at 1474.

28 ///

1    Based on the foregoing, it is HEREBY RECOMMENDED that:

2    1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

3    2.     Plaintiff's second amended complaint is dismissed for failure to state a claim

4           upon which relief may be granted;

5    3.     Plaintiff's claims against Defendants SATF, Enenmoh, Peters, Jean Pierre, Shiue

6           and Rashidi are dismissed with prejudice for failure to state a claim;

7    4.     Plaintiff shall file a third amended complaint as to his claims against Defendant

8           Mercy Hospital; and

9    5.     If Plaintiff fails to comply, this action will be dismissed, with prejudice, for failure

10          to state any claims upon which relief may be granted and for failure to obey a

11          court order.

12   These Findings and Recommendations will be submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

14   **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may

15   file written objections with the Court.  The document should be captioned "Objections to

16   Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file

17   objections within the specified time may waive the right to appeal the District Court's order.

18   *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19

20   IT IS SO ORDERED.

21   **Dated:   May 19, 2010                    /s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

6