**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE, | CASE NO. 1:09-CV-01024-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| MERCY HOSPITAL, et al., | |
| Defendants. | (DOC. 20) |
| _____ / | OBJECTIONS DUE WITHIN 30 DAYS |

**Findings And Recommendation**

**I.     Background**

Plaintiff Antonio Fahie ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on June 11, 2009. Plaintiff filed his first amended complaint on July 7, 2009. On October 28, 2009, the Court screened Plaintiff's first amended complaint and found that it failed to state a claim. Plaintiff was provided leave to file a second amended complaint. November 13, 2009, Plaintiff filed his second amended complaint. On May 19, 2010, the Court issued a Findings and Recommendation recommending dismissal of certain claims, and providing Plaintiff leave to amend as to his claims against Defendant Mercy Hospital. This order was adopted on June 21, 2010 by the District Judge assigned to this action. On July 22, 2010, Plaintiff filed his third amended complaint, which is pending before this Court.

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of Third Amended Complaint**

Plaintiff was previously incarcerated at Kern Valley State Prison ("KVSP") in Delano, California.  Plaintiff names as Defendants: Mercy Hospital, doctors Mamoud Rashidi and Shyi Tang Shiue of Mercy Hospital, CDCR, and doctors Larry DiLeo, Chen Chung Kwan, Adevunle Shlttu, and Farzim Mohtadi of KVSP.[1]  Plaintiff also names doctors Eteshmi and Perry from Mercy Hospital in the body of his complaint.

Plaintiff alleges the following.  On July 31, 2008, Plaintiff was taken to Mercy Hospital for the purpose of having surgery to relieve pain.  Defendant Shiue performed the surgery.  Plaintiff awoke to discover that he was paralyzed from the waist down.  Plaintiff received a second surgery on August 15, 2008, performed by Defendants Eteshmi, Rashidi, and Perry.  Plaintiff was no longer paralyzed.  However, he now suffered from a medical condition called

---

[1] Plaintiff's claims against Defendants Rashidi asnd Shiue had been previously dismissed.  The Court will list these two Defendants for the purposes of thoroughly explaining Plaintiff's complaint.

drop foot. Additionally, Plaintiff's pain was not relieved by the surgery. Plaintiff must be prescribed pain medication, and must utilize a walker.

Plaintiff alleges Defendant Shiue performed a surgery with no knowledge or study. Plaintiff alleges Defendant Mercy Hospital employed Defendant Shiue and disregarded many of Defendant Shiue's medical malpractice. Plaintiff alleges that being impaired with drop foot by Defendants Rashidi, Eteshmi, and Perry violated his Eighth Amendment rights. Plaintiff alleges that Defendants Kwan, DiLeo, Shlttu, and Mohtadi failed to provide Plaintiff with physical therapy as recommended by Defendant Rashidi.

Plaintiff contends a violation of the Eighth Amendment. Plaintiff seeks as relief declaratory relief, and compensatory and punitive damages.

**III.     Analysis**

  **A.     Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

3

matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### B.     Mercy Hospital And Doctors

The Court had previously found that Plaintiff failed to state a claim against Defendants Rashidi and Shiue, and had dismissed those Defendants from this action with prejudice. (Doc. 18, Order Adopting Findings and Recommendation, dated June 21, 2010.)  Thus, the Court will not consider Plaintiff's claims against them.

Plaintiff fails to state a claim against Defendant Mercy Hospital.  Plaintiff alleges insufficient facts to indicate that Defendant Mercy Hospital knew of and disregarded an excessive risk to Plaintiff's health.  *Farmer*, 511 U.S. at 837.  Plaintiff's allegation that Defendant Mercy Hospital disregarded Defendant Shiue's numerous malpractice is insufficient. Though a doctor may have malpractice suits against him, it does not indicate the validity of such suits, and does not indicate whether Defendant Mercy Hospital knew that Defendant Shiue posed a serious risk to Plaintiff's health.

Plaintiff fails to state a claim against Defendants Perry and Eteshmi.  Plaintiff alleges that after these doctors performed corrective surgery for Plaintiff's paralysis, he developed a drop foot condition.  This is insufficient to state a claim.  Plaintiff's allegations against Perry and Eteshmi amount at most to negligence, which does not state an Eighth Amendment claim.  *See Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights") (citation and quotation omitted).

### C.     KVSP Doctors

Plaintiff alleges that Defendants Dileo, Kwan, Shlttu, and Mohtadi failed to provide Plaintiff with recommended physical therapy for four months.  It appears that Defendants failed to follow an outside doctor's recommendation.  This does not state a violation of the Eighth Amendment, as a difference of opinion between medical professionals concerning appropriate course of treatment does not generally amount to deliberate indifference to a serious medical need.  *Toguchi*, 391 F.3d at 1059-60. Plaintiff must show that the course of treatment chosen by Defendants was medically unacceptable, and that it was chosen in conscious disregard of an

4

excessive risk to Plaintiff's health. *Id.* at 1058. Plaintiff alleges at most negligence on the part of the four KVSP doctors, which does not state a claim.

### D. CDCR And Eleventh Amendment

The Eleventh Amendment bars § 1983 actions against state agencies. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1988). Plaintiff's claim against CDCR under § 1983 fails as a matter of law.

### IV. Conclusion And Recommendation

Plaintiff fails to state any claims against any Defendants. Plaintiff was provided with two opportunities to amend his complaint to cure the deficiencies identified, but was unable to do so. The Court does not recommend further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2. This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 2, 2010**                    /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE